## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **KENNETH D. BLAKE, #123822** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:06cv273** |
| **WARDEN McCORMICK, ET AL.** | § | |

### O R D E R

On November 22, 2006, Plaintiff Kenneth D. Blake, a prisoner confined at the Bowie County Correctional Center, filed the present civil rights lawsuit complaining about numerous individuals. The facts as alleged were conclusory. The Plaintiff did not specify how and when the Defendants violated his constitutional rights. Instead of having his lawsuit dismissed outright, the Plaintiff should be given an opportunity to amend his complaint in order to show that he has a basis for a potentially meritorious lawsuit. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). It is accordingly

**ORDERED** that the Plaintiff shall have thirty (30) days from receipt of this notice to file an amended complaint stating specific facts to support his claim.

In this repleading, the Plaintiff shall discuss when Officer Ewards mistreated him by placing his food on the floor and treating him like a dog. He shall discuss how he was harmed due to the actions of Officer Ewards. He shall discuss when Sgt. Turner denied him water, baths and clothes and verbally abused him. He shall discuss how he was harmed by Sgt. Turner's actions. The Plaintiff shall discuss when Sgt. Cook denied him baths, water and medical attention. He shall discuss how he was harmed by Sgt. Cook's actions. The Plaintiff shall discuss when Captain Finn

left him with access to razors and towels and other items that could be used in an effort to commit suicide.  He shall discuss whether Captain Finn had any reason to think that he may attempt to commit suicide.  He shall discuss how he was harmed by Captain Finn's actions.  He shall discuss when Warden McCormick observed him attempt to hang himself and how he was harmed at that time.  He shall discuss when Roger Wise denied him medical services and prevented M.H.M.R. from visiting him.  Once agin, he shall discuss how he was harmed by Wise's actions.  The Plaintiff shall discuss how and when Nurse Roxanne denied him medical care and how he was harmed by her actions.  The Plaintiff shall discuss when Sheriff James Prince had Judge Pesek issue a failure to appear warrant for him.  The Plaintiff shall also discuss when he was convicted and for what offenses he was convicted.  He shall discuss whether he has been able to successfully challenge these convictions, such as in habeas corpus proceedings.  The Plaintiff shall discuss when John Seaborn Delk was his attorney and how he was harmed by Delk's actions.  Failure to replead in conformity with this order may result in dismissal of the complaint.  It is finally

**ORDERED** that the Plaintiff shall have thirty (30) days to submit proof that he exhausted he of the aforementioned claims, including the responses at the Step 2 level.  Any claim that has not been exhausted may be dismissed.

**SIGNED this 27th day of December, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE